Jacqueline A. CRAWFORD and Nancy L. Emerson, on behalf of themselves and all others similarly situated, Appellees,

v.

William JANKLOW, Governor of the State of South Dakota and James Ellenbecker, Secretary of the South Dakota Department of Social Services and the Agents, Employees and Successors of the above, Appellants.

No. 83–1298.

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1983.

Decided June 30, 1983.

Mark V. Meierhenry, Atty. Gen., Janice Godtland, Asst. Atty. Gen., Dept. of Social Services, Legal Services, Brent Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for appellants.

Black Hills Legal Services, Inc. by Mark Falk, Dennis Whetzal, Rapid City, S.D., for appellees.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

In August of 1981, Congress passed the Low-Income Home Energy Assistance Act of 1981, 42 U.S.C. §§ 8621–8629 (Supp. V 1981), as Title XXVI of the Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97–35, 95 Stat. 357 (1981). This federal home energy assistance legislation provided for block grant funds available to states making proper application therefor. The State of South Dakota received such a grant and devised the Low-Income Energy Assistance Program [LIEAP] for 1982–1983 to distribute the funds to its citizens. LIEAP categorically excluded persons residing in subsidized or public housing from receiving the home energy assistance available under the program. We agree with the district court[1] that this exclusion violates the federal statutory requirement that the State distribute the funds to the most needy in terms of income and proportionate energy costs. Accordingly, we affirm the court's order compelling state officials to include persons living in subsidized or public housing as potential recipients of this home energy assistance.

---

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

## I.  BACKGROUND

In the summer and fall of 1982, South Dakota developed LIEAP in order to distribute the home energy assistance funds it planned to receive from the federal government for the 1982–1983 heating season under the Low-Income Home Energy Assistance Act of 1981.  As part of LIEAP, the State promulgated a regulation defining "vulnerable households" eligible for home energy assistance in South Dakota.  That regulation provided:

Vulnerable households are those in which the members meet the following requirements:

(1) Own or rent their home;

(2) Do not live in subsidized or public housing;  and

(3) Are totally responsible for paying their own heating costs directly to an energy supplier or as a portion of rent.

S.D.Admin.R.  67:15:01:06  (1982).  The second subsection of this regulation, on its face, excludes all residents of subsidized or public housing from consideration for LIEAP assistance.

On December 21, 1982, a class of plaintiffs living in subsidized or public housing brought suit in the United States District Court for the District of South Dakota against the Governor of South Dakota, the Secretary of the South Dakota Department of Social Services, and the agents, employees, and successors of these persons, all in their official capacities (hereinafter State).  The plaintiffs allege that the State's categorical exclusion of persons living in subsidized or public housing from consideration for LIEAP assistance violated two provisions in the Low-Income Home Energy Assistance Act of 1981, 42 U.S.C. §§ 8624(b)(5) & (8) (Supp. V 1981);  the policy and intent of the United States Housing Act of 1937, 42 U.S.C. §§ 1437 et seq. (1976 & Supp. V 1981) (as amended);  the equal protection and due process clauses of the fourteenth amendment to the United States Constitution;  and other federal and state laws.

The district court decided the case on an expedited basis.  On February 4, 1983, it certified the class status of the plaintiffs. Then, on February 18, 1983, it issued findings of fact and conclusions of law in favor of the plaintiffs.[2]  The court discussed the effects of the LIEAP exclusion primarily in the context of persons living in housing subsidized under 42 U.S.C. § 1437f (1976 & Supp. V 1981) (as amended), commonly referred to as Section 8 housing.  *Crawford v. Janklow,* 557 F.Supp. 1146, 1147 (D.S.D. 1983).  A large segment, if not a majority, of the plaintiff class apparently is excluded from LIEAP assistance because those class members live in Section 8 housing.  The State asserted that the exclusion of Section 8 recipients was designed to avoid duplicate energy assistance payments, since part of the Section 8 subsidy is for home energy assistance over and above a shelter allowance.  The district court, however, cited several examples, based on statistics drawn from the exhibits placed in evidence, which demonstrated that the Section 8 home energy subsidy for some families could be smaller than the LIEAP subsidy which those families could receive but for their residence in Section 8 housing and smaller than LIEAP subsidies actually given to families with greater income not residing in subsidized or public housing.  *Id.* at 1148–1150. Thus, instead of merely avoiding duplicate payments, LIEAP withheld assistance from Section 8 families regardless of the relative sizes of Section 8 and LIEAP energy subsidies, and regardless of the relative incomes of families excluded because of their Section 8 residence as compared to families actually receiving LIEAP subsidies.

The district court held that this categorical exclusion of Section 8 recipients, along with others in subsidized or public housing, violated the Low-Income Home Energy Assistance Act of 1981.  42 U.S.C. § 8624(b)(5) (Supp. V 1981).  The court found that statute to require the State to "give priority to those households with the lowest incomes and highest energy costs relative to in-

---

**2.**  The district court's Memorandum Opinion is reported as *Crawford v. Janklow,* 557 F.Supp. 1146 (D.S.D.1983).

come." *Crawford v. Janklow, supra,* 557 F.Supp. at 1150. As alternative grounds for its holding, the court also stated that LIEAP violated the due process and equal protection clauses of the United States Constitution. *Id.* at 1150–1152. The court then rendered its judgment ordering the State to (1) receive applications for LIEAP assistance from any plaintiff class member, (2) disseminate reasonable notice of the taking of applications from such parties, (3) grant a reasonable time for the making of such applications, and (4) award LIEAP assistance based upon selection criteria not inconsistent with its decision. The State appeals from this judgment.[3]

## II. DISCUSSION

The State contests both the statutory and constitutional grounds underlying the district court's invalidation of LIEAP insofar as that program categorically excluded persons living in subsidized or public housing. When a party raises both statutory and constitutional questions, courts generally refrain from addressing the constitutional matters if the resolution of the statutory issues is dispositive of the case at hand. *Blum v. Bacon,* 457 U.S. 132, 137–138, 102 S.Ct. 2355, 2359–2360, 72 L.Ed.2d 728, 733–734 (1982); *United States v. South Dakota,* 636 F.2d 241, 243 n. 2 (8th Cir.), *cert. denied,* 452 U.S. 939, 101 S.Ct. 3082, 69 L.Ed.2d 953 (1981). Because we find that the State's categorical exclusion violates the federal statute governing this home energy assistance program, we need not decide whether the same exclusion violates either the due process or equal protection clauses of the federal Constitution.

A. Existence of a Statutory Cause of Action.

The Low-Income Home Energy Assistance Act of 1981 specifically provides:

As part of the annual application required by subsection (a) of this section, the chief executive officer of each State shall certify that the State agrees to—

\* \* \* \* \* \*

(5) provide, in a manner consistent with the efficient and timely payment of benefits, that the highest level of assistance will be furnished to those households which have the lowest incomes and the highest energy costs in relation to income, taking into account family size; \* \* \*.

42 U.S.C. § 8624(b)(5) (Supp. V 1981).

The plaintiffs asserted, and the district court found, that the State's categorical exclusion of persons living in subsidized or public housing from consideration for LIEAP assistance violated this provision.

■ The district court, insofar as it based its decision on this statute, necessarily assumed that the plaintiffs had a cause of action, express or implied, against the State to enforce the condition imposed by section 8624(b)(5). Indeed, the State did not question the existence of such a cause of action either before the district court or before this Court. The plaintiffs, however, cited no express provision of the home energy assistance legislation granting them access to federal courts to enforce its provisions. We generally will not consider an issue not raised or passed upon below. *Singleton v. Wulff,* 428 U.S. 106, 120–121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). An appellate court, however, may consider issues which are in "the nature of a jurisdictional bar" for the first time on appeal. *See Edelman v. Jordan,* 415 U.S. 651, 677–678, 94 S.Ct. 1347, 1362–1363, 39 L.Ed.2d 662 (1974) (de-

---

**3.** On March 11, 1983, the district court effectively stayed pending this appeal its fourth directive that the State award LIEAP funds to eligible class members. Soon thereafter, the plaintiffs moved the court for an order to show cause why the State should not be held in contempt for failure to comply with the three directives still in force after the March 11 stay. On March 25, 1983, the court modified its earli-

er order to lift the stay regarding payments to class members and to compel specific acts of notification to class members because of the State's recalcitrance in complying with the letter and spirit of that earlier order. By orders dated April 4 and May 2, 1983, we stayed the compulsory payment of benefits to otherwise eligible class members pending this appeal. This decision serves to lift that stay.

ciding question under the eleventh amendment of the United States Constitution which was first raised on appeal). Because we view the existence of an express or implied cause of action as a jurisdictional prerequisite to the plaintiffs' recovery under the statute herein, we cannot ignore this issue. Furthermore, our immediate resolution of this legal question is necessary to insure that the State has sufficient time to conform LIEAP to the requirements of federal law prior to the next heating season.

The question of whether the plaintiffs may enforce section 8624(b)(5) against state officials who fail to comply with its provisions may be approached in two ways: (1) deciding whether the plaintiffs have an implied cause of action against the State directly under the Low-Income Home Energy Assistance Act of 1981; or (2) deciding whether the plaintiffs have an express cause of action against state officials for deprivation of rights secured by the home energy assistance legislation under 42 U.S.C. § 1983 (Supp. V 1981).[4] Under either approach, we find that the plaintiffs properly brought their statutory claim into federal district court.

■ First, we find that Congress intended that potential recipients of home energy assistance have a direct cause of action under the provisions of the Low-Income Home Energy Assistance Act of 1981. Because the express language of that legislation is silent and the legislative history inconclusive regarding any legislative intent to create a judicial remedy for persons such as plaintiffs herein, we direct our inquiry into the existence of an implied cause of action based on the four factors listed in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 376–388, 102 S.Ct. 1825, 1838–1844, 72 L.Ed.2d 182, 200–207 (1982)

(intent gleaned from legislative history obviated need to consider all four *Cort v. Ash* factors). First, by the very terms of section 8624(b)(5), Congress targeted the home energy legislation for the especial benefit of persons with the greatest need in terms of income and proportionate energy costs. Second, the legislative history apparently provides no clear guidance regarding intent to create or deny a judicial remedy for persons such as plaintiffs. Third, such a private remedy is virtually a necessity to complete the legislative scheme of effective and efficient distribution of benefits, because the power of the Secretary of Health and Human Services to enforce the section 8624(b) conditions is limited to the withholding of funds, which "cannot be [done] for minor or insubstantial deviations" from the requirements of that legislation. S.Rep. No. 97–139, 97th Cong., 1st Sess. 909, *reprinted in* 1981 U.S.Code Cong. & Ad.News 396, 933; 42 U.S.C. § 8627(a)(1) (Supp. V 1981) (Secretary can only withhold funds for substantial noncompliance with statute). Finally, the question of compliance with the conditions in section 8624(b) is purely a matter of federal law. For these reasons, we find that the plaintiffs have an implied cause of action to enforce the conditions in section 8624(b) by virtue of the home energy assistance legislation itself.

■ Alternatively, we find that the plaintiffs may also maintain their statutory claim based on the express grant of a cause of action under 42 U.S.C. § 1983 (Supp. V 1981). Section 1983 expressly provides that "[e]very person who, under color of any statute * * * of any State * * *, subjects, or causes to be subjected, any citizen * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law [or] suit in equity." 42 U.S.C. § 1983 (Supp. V 1981). This remedial provision may be used to enforce sub-

---

**4.** The plaintiffs alleged in their complaint that 42 U.S.C. § 1983 (Supp. V 1981) was one basis

for the present action.

stantive rights created by federal statute against persons violating such rights under color of state law. *Maine v. Thiboutot,* 448 U.S. 1, 4–8, 100 S.Ct. 2502, 2504–2506, 65 L.Ed.2d 555 (1980); *Miener v. Missouri,* 673 F.2d 969, 975–976 (8th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 215 & 230, 74 L.Ed.2d 171 (1982). Section 1983 may not be used, however, where the rights asserted are not substantive obligations under federal statute or where the statute governing those rights provides an exclusive remedy for their violation. *Pennhurst State School & Hospital v. Halderman,* 451 U.S. 1, 27–28, 101 S.Ct. 1531, 1544–1545, 67 L.Ed.2d 694 (1981).

In the instant case, the Low-Income Home Energy Assistance Act of 1981 created substantive rights cognizable under section 1983. Whether a particular federal statute creates substantive rights for the purposes of section 1983 is a question similar to whether there is an implied cause of action directly under that statute. *See* Comment, *Passing the Bucks: Procedural Protections Under Federal Block Grants,* 18 Harv.C.R.–C.L.L.Rev. 231, 265 & n. 154 (1983). Thus, the factors previously discussed regarding the plaintiffs' implied cause of action suggest that the Low-Income Home Energy Assistance Act created substantive rights for section 1983 purposes. In addition, the conditions listed in section 8624(b) are prerequisites to funding under the statute, absent a temporary waiver by the Secretary of Health and Human Services of any of those conditions. *See* 42 U.S.C. §§ 8627(a)(1) & (2) (Supp. V 1981) (authorizing the withholding of funds for substantial noncompliance with the conditions in section 8624); *id.* § 8624(d) (authorizing the Secretary to waive any "requirement" in subsection (b) if "necessary to assist in promoting the objectives" of the statute). Therefore, the section 8624(b) conditions create legal duties imposed upon states receiving home energy assistance block grants, as opposed to merely expressing federal policy without providing for enforcement of that policy against noncom-

plying states. *Cf. Pennhurst State School & Hospital v. Halderman, supra,* 451 U.S. at 22–23, 101 S.Ct. at 1542–1543 (if federal government cannot terminate funds for violation of a statutory provision, that provision is not a "condition" on the receipt of those funds).

Also, the express remedy created in the home energy assistance legislation to prevent noncompliance with the section 8624(b) conditions—withholding of funds from the states by the Secretary of Health and Human Services, 42 U.S.C. § 8627 (Supp. V 1981)—is not an "exclusive" remedy which would foreclose private rights of action under section 1983. The "withholding of funds" remedy is not couched in terms of exclusivity, and that remedy is woefully inadequate as to persons in dire need of the proper *distribution* of home energy assistance funds rather than the withholding of funds altogether. Furthermore, the home energy assistance legislation is geared toward reduced federal administrative supervision, which fully comports with the recognition of private remedies in federal court without unnecessary intervention by the Secretary of Health and Human Services. *See* 42 U.S.C. § 8624(b) (Supp. V 1981) ("The Secretary may not prescribe the manner in which the States will comply with the provisions of this subsection.").

Based on the foregoing analysis, we conclude that the plaintiffs properly maintained the present action either directly as an implied cause of action under the Low-Income Home Energy Assistance Act of 1981 or as an express cause of action under 42 U.S.C. § 1983 (Supp. V 1981). This conclusion is consistent with the district court's silent assumption that the plaintiffs had a cause of action to enforce the conditions imposed by section 8624(b). Having thus decided that the district court properly entertained the plaintiffs' statutory claim, we have no trouble affirming that court's express holding that the State violated section 8624(b)(5) in enforcing LIEAP insofar as it categorically excluded the plaintiffs from participation in that program.

## B. Violation of Statutory Requirement.

The federal home energy assistance statute expressly limited the class of persons to which the states might award benefits to (1) those in households in which at least one individual received aid to families with dependent children, supplemental security income payments, food stamps, or various veterans' benefits; or (2) those in households meeting certain maximum income levels. 42 U.S.C. § 8624(b)(2) (Supp. V 1981). Within this class of persons, Congress left the states with discretion to determine eligibility for home energy assistance benefits. That discretion, however, is not unlimited. The states cannot declare a subclass of homeowners eligible for home energy assistance benefits to the exclusion of similarly situated renters. *Id.* § 8624(b)(8). Also, and central to our examination of LIEAP herein, the states cannot design a subclass of eligibility which does not provide that "the highest level of assistance will be furnished to those households which have the lowest incomes and the highest energy costs in relation to income, taking into account family size." *Id.* § 8624(b)(5). In other words, if the states wish to narrow the number of persons eligible for assistance, they must exclude persons from the top of the class described by Congress, in terms of income and proportionate energy costs, rather than from the bottom. *See* S.Rep. No. 97–139, *supra,* at 909–910, *reprinted in* 1981 U.S.Code Cong. & Ad.News, *supra,* at 933–934 (explaining states' discretion to set limits on eligibility while affirming the obligation to afford the priority described in section 8624(b)(5) to "participating households"). The State's categorical exclusion of persons living in subsidized or public housing from LIEAP violates this latter limitation.

The district court's findings of fact correctly demonstrate the effects of the categorical exclusion. The court found that, based on the statistics and charts reflected in the record, the Section 8 home energy subsidy received by some plaintiffs might not be as great as the LIEAP subsidy otherwise available to persons with the same income and equal overall heating expenses. *See Crawford v. Janklow, supra,* 557 F.Supp. at 1149 n. 4 (comparing Section 8 heating subsidy for one-bedroom apartment to lowest LIEAP heating subsidy for similar residence). In addition, the court found that a two-member family residing in a one-bedroom Section 8 apartment and with an annual income of $3,000 could receive a Section 8 heating subsidy of approximately 40.1% of its total heating expenses. *Id.* at 1149–1150. A family of identical size not residing in subsidized or public housing with the same overall heating expenses and an annual income of over $9,000 could receive a LIEAP subsidy of approximately 60% of those total heating expenses. *Id.* at 1149. These figures are amply supported by the record and are not clearly erroneous.

From these factual findings, the legal conclusion that the State's categorical exclusion violates section 8624(b)(5) cannot be disputed. That section simply mandates that any subclass devised by the State in distributing home energy assistance funds must be designed so that the greatest assistance goes to households with the lowest income and highest energy costs in relation to that income, accounting for family size. The facts discussed above clearly reflect that the State's categorical exclusion is inconsistent with the 8624(b)(5) mandate. The exclusion bars a Section 8 recipient from establishing that her or his heating costs are proportionately higher than those of a LIEAP recipient with greater income and equal family size. The district court's factual findings demonstrate that some plaintiff class members might very well establish such circumstances if given the chance. Furthermore, the conflict between the State's categorical exclusion and section 8624(b)(5) occurs at the very first step in the State's distribution process, *i.e.,* the acceptance of applications for LIEAP assistance, making it difficult to determine the severity and magnitude of that conflict. Thus, on the basis of this statute, the dis-

trict court correctly enjoined the State from using residence in subsidized or public housing as an independent basis for the exclusion of persons from consideration for LIEAP assistance.

## III. CONCLUSION

The district court invalidated LIEAP only insofar as it categorically excluded persons living in subsidized or public housing from participation in that program. The court did not in any way restrict the State's discretion to devise a distribution plan under the Low-Income Home Energy Assistance Act of 1981 which does not embody that same flaw. Because we agree that the categorical exclusion violated 42 U.S.C. § 8624(b)(5) (Supp. V 1981) and that the district court's order can be supported entirely on the basis of that statutory violation, we affirm.