**Jacqueline A. CRAWFORD and Nancy L. Emerson on behalf of themselves and all others similarly situated, Appellants,**

**v.**

**William JANKLOW, Governor of the State of South Dakota and James Ellenbecker, Secretary of the South Dakota Department of Social Services and the Agents, Employees and Successors of the above, Appellees.**

No. 83–2246.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1983.

Decided May 2, 1984.

Black Hills Legal Services, Inc. by Mark Falk, Stephen C. Hoffman, Rapid City, S.D., for appellants.

May, Adam, Gerdes & Thompson by Brent A. Wilbur, Pierre, S.D., for appellees.

Before HEANEY, ROSS and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

The plaintiff class, residents of public and subsidized housing in South Dakota, appeal the district court's[1] denial of their objections to the State's revised plan for distributing federal funds provided through the Low-Income Home Energy Assistance Act (LIHEAA), 42 U.S.C. §§ 8621–8629 (Supp.V 1981). The district court's order indicates its denial of the appellants' objections was based on lack of jurisdiction. We remand to the district court to consider the

---

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

merits of the appellants' claims in light of our opinion in a related case, *Clifford v. Janklow*, 733 F.2d 534 (8th Cir.1984), which holds South Dakota's 1983–84 plan for disbursing LIHEAA funds violates sections 8624(b)(5) and 8624(f) of the Act.

The LIHEAA authorized federal block grants to the states to assist low income people with home energy costs. South Dakota received such a grant and set up the Low Income Energy Assistance Program (LIEAP) to distribute funds for the 1982–83 heating season. A State regulation excluded all residents of subsidized and public housing from participation in the program. The plaintiff class brought an action seeking declaratory and injunctive relief against the State. They alleged the categorical exclusion violated the LIHEAA, the policy of the United States Housing Act, and the equal protection clause. After a trial on the merits, the district court granted the injunction. *Crawford v. Janklow*, 557 F.Supp. 1146 (D.S.D.1983). This Court affirmed the injunction on the ground that the categorical exclusion violated section 8624(b)(5) of the Act. *Crawford v. Janklow*, 710 F.2d 1321, 1328 (8th Cir.1983).

In response to the district court's injunction, and while the appeal was pending in this Court, the State revised its 1982–83 LIEAP so that the plaintiff class was not automatically excluded, but the heating assistance they received as part of their housing subsidy was considered in calculating their LIEAP grant. For example, people living in housing subsidized under 42 U.S.C. § 1437f (Supp.V 1981) (as amended), or Section 8 housing, pay up to thirty percent of their adjusted gross income towards shelter costs. To calculate shelter cost, the administering agency adds a "utility allowance," estimated monthly utility costs, to the contract rent. The State considers the heating component of this utility allowance the functional equivalent of a LIEAP grant. In order to be eligible for LIEAP assistance under the revised 1982–83 LIEAP, the subsidized housing resident had to prove "overages," which are heating costs over and above the Section 8 heating allowance. The overage is multiplied by six and then by a percentage based on the applicant's income. The final figure is compared to the LIEAP grant paid to an otherwise similarly situated non-subsidized household. The class member receives either the sum of the calculations or the LIEAP grant, depending on which is smaller.

The plaintiff class filed objections to this revised 1982–83 plan raising constitutional and statutory challenges. The district court seemingly denied the objections to the plan on their merits in a memorandum opinion filed June 22, 1983, and the plaintiffs filed a motion to reconsider. At this juncture, on June 30, 1983, we issued our opinion affirming the original injunction barring the categorical exclusion of subsidized housing residents from the LIEAP. On August 17, 1983, the district court entered an order in response to the plaintiffs' motion to reconsider which seemed to withdraw any prior approval on the merits of the State's revised plan and denied all motions, apparently for lack of jurisdiction:

> The court concludes, as it did in the memorandum opinion filed June 22, 1983, that the precise plan to be utilized by the defendant in complying with the mandate of the Eighth Circuit is not presently before this court for decision on the merits. All pending motions which have not been ruled on are denied but the denial is not upon the merits but is upon the basis that under the Eighth Circuit mandate no issue arises in this case as to the merits of any particular plan chosen by the state for the 1982–1983 heating season as to the plaintiff class.

*Crawford v. Janklow*, No. 82–3078 (D.S.D. August 17, 1983) (unpublished order).

The plaintiff class appealed.

■■■ The district court had equitable jurisdiction to consider the merits of the State's revised plan. Courts acting in equity have broad power to fashion a remedy which does complete justice. *See, e.g., Milliken v. Bradley*, 433 U.S. 267, 279–288, 97

S.Ct. 2749, 2756–2761, 53 L.Ed.2d 745 (1977); *Louisiana v. United States*, 380 U.S. 145, 155–156, 85 S.Ct. 817, 823, 13 L.Ed.2d 709 (1964); *Goldberg v. Medtronic, Inc.*, 686 F.2d 1219, 1229 (7th Cir.1982). Jurisdiction may extend beyond the initial injunction if necessary to assure complete relief. *See, e.g., Hutto v. Finney*, 437 U.S. 678, 683, 98 S.Ct. 2565, 2569, 57 L.Ed.2d 522 (1978); *Kodekey Electronics, Inc. v. Mechanex Corp.*, 486 F.2d 449, 457 (10th Cir.1973).

■ Here, when the district court invalidated the State's categorical exclusion of subsidized housing residents from the 1982–83 LIEAP, it ordered the State to receive applications from class members and grant or deny such applications upon criteria not inconsistent with its opinion. Although such an order does not usually imply continuing jurisdiction, in this case, where the 1982–83 LIEAP funds were rapidly being depleted and the State submitted its revised plan to the district court for approval, it was within the district court's discretion to consider the merits of the revised plan.

Nothing in our earlier *Crawford* opinion was meant to limit the district court's jurisdiction to consider the merits of the State's revised 1982–83 LIEAP. We noted that the district court's order invalidated LIEAP only insofar as it categorically excluded class members from participation in that program and stated, "The court did not in any way restrict the State's discretion to devise a distribution plan under the [LIHEAA] which does not embody the same flaw." *Crawford v. Janklow, supra*, 710 F.2d at 1328. This language was meant only to rest our affirmance on the narrowest grounds, not to preempt the district court's scrutiny of the State's adherence to its order.

Accordingly, we remand to the district court to consider whether the State's revised 1982–83 LIEAP complies with the LIHEAA. In doing so, we direct the district court's attention to our opinion filed in the related case, *Clifford v. Janklow*, 733 F.2d at 537–540. in *Clifford*, the same class of plaintiffs challenged South Dakota's 1983–84 LIEAP. Although the 1983–84 plan uses a different method of calculation than the 1982–83 revised plan, it too sets off Section 8 heating allowances in such a way as to reduce, and in some cases deny, class members LIEAP benefits. The district court found the 1983–84 LIEAP violated 42 U.S.C. §§ 8624(b)(8), 8624(b)(5), 8624(f) and the fourteenth amendment. We affirmed on the latter two statutory grounds. The record in this case is not sufficiently developed for us to determine whether an injunction should have issued against the 1982–83 revised plan. We do not know, for example, whether the revised plan was ever implemented or whether the State reserved funds with which to pay last year's benefits should the plan be enjoined. On remand, the district court should fully consider all of the issues left open by its earlier order.