Linda CLIFFORD; Melvina Lesmeister and Pam James, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

William JANKLOW, Governor of the State of South Dakota and James Ellenbecker, Secretary of the South Dakota Department of Social Services, and Successors of the Above, Defendants.

Civ. No. 83–3092.

United States District Court, D. South Dakota, C.D.

Sept. 14, 1984.

Mark Falk, Black Hills Legal Services, Inc., Rapid City, S.D., for plaintiffs.

Janice Godtland, Asst. Atty. Gen., Dept. of Social Services, Brent A. Wilbur, May, Adam, Gerdes & Thompson, Sp. Asst. Atty. Gen., Pierre, S.D., for defendants.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

Pending before the court is the question of whether equitable relief should be granted to the plaintiff class in light of the affirmance of the Judgment in this case by the United States Court of Appeals, Eighth Circuit, (*Clifford, et al., v. Janklow, et al.,* 733 F.2d 534, 8th Cir.1984).

This action was commenced December 7, 1983, was tried on the merits at a bench trial on January 10 and 11, 1984, and on January 17 judgment was entered in favor of plaintiffs, permanently restraining defendants from administering the South Dakota Low Income Energy Assistance Program (LIEAP) whereby plaintiff class were denied full participation in LIEAP, in violation of federal law. The judgment required defendants to immediately fully include the plaintiff class in the South Dakota LIEAP and to immediately by appropriate means notify those class members who had not yet applied for inclusion in LIEAP that they were legally entitled to do so.

Defendants moved for a stay of the judgment pending appeal to the United States Court of Appeals, Eighth Circuit. On January 27, this court denied the application of defendants for a stay of the judgment, but extended to February 15, 1984 the time within which payment to class members would be required and within which notice to class members who had not applied must be given by defendants. On February 13 the Court of Appeals affirmed this court's denial of defendants' stay application.

On May 2, 1984 the Court of Appeals in *Clifford v. Janklow, supra,* affirmed the judgment. Mandate from the Court of Appeals was filed with the clerk of this court May 29.

On May 10, 1984 this court ordered that plaintiffs file with the clerk within fifteen days a motion setting out the relief claimed in this court in light of the affirmance of the judgment. Plaintiffs' response to the court's order was filed May 18 and the defendants' reply was filed May 29. On June 4 plaintiffs filed written interrogatories which were answered by defendants June 20. Plaintiffs filed a letter rebuttal brief on July 3 and on August 3, 1984 this court heard counsel of record for the parties orally argue the issue of what equitable relief, if any, this court should grant plaintiffs.

I.

Applications for the 1984 South Dakota LIEAP were accepted by defendants between October 3, 1983 and March 31, 1984. Plaintiff class consists of persons living in subsidized housing. Under the 1984 South Dakota Plan, the members of the plaintiff class were, by virtue of their residence in subsidized housing, placed in a category in which they were barred from receiving full LIEAP payment. All other citizens of the state were placed in a different category, free from the LIEAP payment restrictions imposed upon members of the plaintiff class. Up to January 10, 1984, the first day of trial, 1,089 members of the class had applied for payment under the 1984 South Dakota LIEAP program. 550 had been

denied any payment and 539 had been authorized to receive partial payment. In affirming the judgment, the Court in *Clifford v. Janklow*, 733 F.2d 534, held that the defendants had violated applicable federal law by operating the federally funded South Dakota 1984 LIEAP program so as to deny the plaintiff class full participation in the program and full eligibility for LIEAP payment on the same basis as applied to all citizens of the state not members of the plaintiff class.

Although applications for LIEAP payments were accepted from members of the plaintiff class from October 3, 1983 onward, it was made known by defendants to any class applicant that a subsidized housing resident might not be eligible for any LIEAP payment and in any event would receive only a partial amount of what a similarly situated South Dakota citizen not residing in subsidized housing would receive through the LIEAP program for 1984. After the Court of Appeals on February 13, 1984 affirmed this court's denial of defendants' request for a stay of the judgment, defendants did, commencing on February 15, comply with that portion of the judgment requiring defendants to notify class members of their full eligibility under the 1984 LIEAP program and to advise class members of their right to file an application up until March 31, 1984. In the same mailed-out notice, defendants included a statement cautioning the plaintiff class member addressee that the case was on appeal to the Court of Appeals for the Eighth Circuit and that if the state prevailed in the appeal the addressee would have to repay to the state any sum received through the 1984 LIEAP program.

It is reasonable to infer and conclude that the 1984 South Dakota LIEAP plan provisions discriminating against plaintiff class members, along with the warning contained in the defendants' mailing of February 15 to class members who had not yet applied, discouraged and confused class members so that some failed to apply in the early part of the season when they otherwise would have, and so that many did not apply until a time subsequent to February

15, 1984 and in light of the warning, some probably never did apply. What is certain is that most if not all class members, up to this date, have not received the benefit of the full LIEAP payment to which they are lawfully entitled, under the decision of the Court of Appeals in *Clifford, et al. v. Janklow, et al., supra.*

By motion and brief first filed February 22, 1984, and renewed after the Court of Appeals' affirmance, by additional briefing and by written interrogatories served upon and answered by defendants, plaintiffs have urged that in equity the 1984 LIEAP amount due each class member who belatedly received LIEAP credit too late to use it fully by the May 31 cutoff should be forthwith paid such sum by a direct payment by defendants. Against each such payment defendants would be entitled to a credit for any sums paid on behalf of such class member applicant to the fuel supplier of the applicant under the LIEAP program [which ordinarily provides for payment by defendants direct to the fuel supplier, rather than direct to the eligible LIEAP applicant]. Plaintiffs advance an alternative solution which neither this court nor defendants are persuaded is the better of the two alternatives. At oral argument August 3, 1984, this court requested defendants to state, without prejudice to their own contentions, whether plaintiffs' first proposal or plaintiffs' herein unstated proposal was administratively preferable. Answering with commendable candor, in response to this court's question, defendants stated that, without in any way abandoning their own contention, the first contention advanced by plaintiffs (set out above) would be preferable. On the merits, and in response to plaintiffs' request for equitable relief, defendants contend that this court should simply order the case closed so that all monies remaining in the 1984 LIEAP fund would be carried over into the South Dakota 1985 LIEAP fund, for the benefit of all of the potential LIEAP applicants in 1985.

## II.

This court has equitable jurisdiction to consider the effect upon the plain-

tiff class of the discrimination against the class inherent in the 1984 South-Dakota LIEAP program. Acting in equity, courts have broad power to fashion a remedy which does complete justice. *Crawford, et al. v. Janklow, et al.,* 733 F.2d 541, 542 (8th Cir.1984).

The court considers the following facts and conclusions in seeking an equitable remedy:

1. Defendants violated federal law in the distribution of federal funds in the 1984 LIEAP program. This caused economic loss and personal hardship to qualified and deserving persons for whose benefit Congress enacted the federal statutes involved and discussed in this case, and discussed fully in the Court of Appeals opinion in *Clifford v. Janklow, supra.*

2. When defendants were fashioning the 1984 South Dakota LIEAP program in the summer of 1983, they had the guidance afforded by the decision in *Crawford v. Janklow,* 710 F.2d 1321 (8th Cir.1983). At 710 F.2d 1327 the court held that "... if the states wish to narrow the number of persons eligible for [LIEAP] assistance, they must exclude persons from the top of the class described by Congress, in terms of income and proportionate energy costs, rather than from the bottom."

3. All of the plaintiff class who applied on or after October 3, 1983 were denied in whole or in part 1984 LIEAP assistance during the 1983–84 South Dakota winter, through February, 1984. As the court held in *Clifford, supra,* the plaintiff class were lawfully entitled, under federal law, to full participation in the 1984 LIEAP program from the beginning [October 3, 1983–May 31, 1984].

4. Those class members who applied before February 15, 1984 and were denied assistance, and those who did not apply until after February 15, 1984, were denied the benefits of the state Emergency Crisis Intervention Program [ECIP]. (*See* Memorandum Opinion of this court, pages 14, 15, filed January 16, 1984).

5. Under the 1984 LIEAP program, actual cost of heating fuel records were not made or kept as a part of the program as to each program participant. The plaintiff class had no way of knowing whether or not they would receive any assistance from the 1984 program at any time, since the matter was in litigation. There is no feasible way, and none has been suggested by defendants, by which this court could order that the actual cost of home heating of each plaintiff class member during the period October 3, 1983 to May 31, 1984 could be computed at this time. Unless this court grants an equitable remedy, there is no way to make the plaintiff class whole or to redress tangible and intangible loss plaintiff class have each sustained through no fault of any of them.

6. The harm caused to plaintiff class as above set out, through much of the 1983–1984 South Dakota winter was more serious because most of the class are among the poorest of the poor.

This court concludes that it would be inequitable to deny plaintiff class any relief by granting defendants' request that this case be closed without any further payment.

### III.

At oral argument on August 3, 1984, defendants advised the court that according to the computer records of defendants approximately $275,000.00 would be required to make direct payments to each of the approximately 1,700 class members who applied to participate in the 1984 South Dakota LIEAP program. By use of the computer capability of the defendants it was stated at oral argument that such payments could be completed within thirty days from the date they were ordered.

On January 27, 1984, this court ordered defendants to reserve a sufficient amount of LIEAP funds in the 1984 program to cover the anticipated additional payments required as a result of the judgment ren-

dered January 17, 1984, by this court, subsequently affirmed in *Clifford, supra.* At oral argument, there was no contention by defendant that the anticipated sum needed, $275,000.00, is not available for the purpose of making direct payments to the plaintiff class members. Moreover, there is nothing in the record in this action to show that such payments would exceed any class member's actual heating costs during the period October 3, 1983 to May 31, 1984, [the period during which 1984 South Dakota LIEAP payments are made]. Although this court does not have at hand figures covering applications by class members subsequent to February 15, 1984, interrogatories served by plaintiffs and answered by defendants shortly prior to the August 3 oral arguments show that from October 3, 1983 through February 15, 1984, 97% of the applications for LIEAP assistance came from non-class members.

## CONCLUSION

This court is convinced that taking into account all of the circumstances in this case, a fair, reasonable, equitable remedy to plaintiff class, made necessary by the fact that the 1984 LIEAP program was conducted in violation of federal law, is to require that defendants forthwith make a direct money payment from the remaining 1984 LIEAP program funds to each plaintiff class member who applied between October 3, 1983 and March 31, 1984 to participate in the 1984 South Dakota program. Such payment shall, as to each such plaintiff class member, be in a sum equal to the difference between what such class member actually received and what such class member would have received had such class member been granted assistance according to the 1984 program matrix, as applied to a non-class member similarly situated.

Defendants shall file a written report with the clerk within thirty days setting out the action taken as required by the order entered this date.