763 F.2d 1013
 Jacqueline A. CRAWFORD and Nancy L. Emerson, on behalf of
themselves and all others similarly situated, Appellees,
v.
William JANKLOW, Governor of the State of South Dakota and
James Ellenbecker, Secretary of the South Dakota Department
of Social Services and the Agents, Employees, and Successors
of the above, Appellants.
 No. 84-2277.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 13, 1985.
Decided June 7, 1985.
 
 Appeal from the United States District Court for the District of South Dakota; Donald J. Porter, Judge.
 Janice Godtland, Pierre, S.D., for appellants.
 Mark Falk, Rapid City, S.D., for appellees.
 Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 HEANEY, Circuit Judge.
 
 
 1
 We are called upon for the fourth time to consider whether the South Dakota's method of distributing federal funds through its Low Income Energy Assistance Program (LIEAP) violates the Low Income Home Energy Assistance Act of 1981 (LIHEAA), 42 U.S.C. Secs. 8621-8629. See Clifford v. Janklow, 733 F.2d 534 (8th Cir.1984); Crawford v. Janklow, (Crawford II ), 733 F.2d 541 (8th Cir.1984); Crawford v. Janklow (Crawford I ), 710 F.2d 1321 (8th Cir.1983).
 
 
 2
 The last time this matter was before our Court, we held that the State's LIEAP program for the 1983-84 heating season violated both 42 U.S.C. Sec. 8624(f) and Sec. 8624(b)(5), because it reduced the LIEAP benefits for persons receiving a Section 8 housing allowance, and did not pay the highest level of assistance to class members who had the highest energy costs in relation to income. Clifford, 733 F.2d at 537-40. The same day, we also ruled that the district court improperly dismissed the plaintiff class's objections to the State's revised plan for the 1982-83 heating season for lack of jurisdiction. Crawford II, 733 F.2d at 542-43. We remanded to the district court to consider the merits of the plaintiffs' claims in light of our opinion in Clifford.
 
 
 3
 On remand, the district court held in a thorough and well-reasoned opinion that the State's revised plan unlawfully excluded class members in whole or in part from LIEAP benefits. The State now brings this appeal, arguing that the district court's findings were clearly erroneous, and that the State's plan complied with the LIHEAA and was a permissible exercise of the State's discretion. The focus of the State's argument is that its revised plan permissibly reduces "windfall benefits" to persons in subsidized housing, yet still provides that those people residing in subsidized housing will receive more total heat subsidies than will non-subsidized households.
 
 
 4
 We have thoroughly reviewed the briefs, record, and oral arguments submitted by the parties, and affirm the judgment of the district court on the basis of its well-reasoned opinion. See 8th Cir.R. 14.