**Lorraine DeALLAUME and Guy Zeches, individually and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**Cesar A. PERALES, as Commissioner of the New York State Department of Social Services; William Grinker, as Commissioner of New York City Social Services District, on behalf of himself and all other County Commissioners of Social Services Districts within New York State; and Lois Bowling, as Commissioner of the Wyoming County Social Services District, Defendants.**

**No. 84 Civ. 6691 (SWK).**

United States District Court, S.D. New York.

Sept. 6, 1988.

Public Utility Law Project, Albany, N.Y. by James M. Morrissey, for plaintiffs.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City by Gerald Slotnik, Asst. Atty. Gen., for defendant, Perales.

Peter L. Zimroth, Corp. Counsel, of The City of New York, New York City by Paul Marks, Asst. Corp. Counsel, for defendant, New York City Social Services.

Janet L. Bensman, Asst. Co. Atty., Warsaw, N.Y., for Wyoming County Social Services Dist.

Martin Bradley Ashare, Suffolk Co. Atty., Hauppauge, N.Y. by Marion T. McNulty, for Suffolk County Social Services Dist.

Baba Zipkin, White Plains, N.Y., for Westchester County Social Services Dist.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The Federal Low Income Home Energy Assistance Program ("HEAP"), authorized by the Low–Income Home Energy Assistance Act of 1981 ("LIHEAA"), 42 U.S.C. §§ 8621 *et seq.*, provides funds through the states to help eligible low income households meet home energy costs. The New York State Department of Social Services ("DDS") regulates HEAP in New York while county social services districts admin-

ister the program locally. N.Y. Social Services Law § 97 (McKinney 1986).

New York State also has its own energy program for low income residents. This program, the "fuel for heating" allowance, is operated by the DDS and has a two-tiered structure. The first tier provides all qualified recipients whose heating costs are not included in their rent with a monthly heating allowance. N.Y.Admin.Code Title 18 § 352.5 (1980). The second tier, the "additional fuel allowance", provides, *inter alia*, that an additional fuel allowance shall be distributed when a recipient's heating costs exceed the fuel-for-heating allowance. Although there is a ceiling on the amount of funds which may be distributed under this second tier, additional funds in excess of the ceiling are distributed when necessary because of exceptionally severe weather, overly exposed location, unusually poor construction of a dwelling, poor health, or when DSS deems that additional fuel allowances are necessary as a result of reduced energy supplies coupled with rising costs. *Id.* at § 352.5(b).

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, claiming that defendants violated their statutory and constitutional rights and seek declaratory and injunctive relief. Plaintiffs allege that, beginning in December 15, 1980, and until October 22, 1987, DSS directed county DSS districts to deduct the federal HEAP payments received by recipients of Aid to Families with Dependent Children ("AFDC") and Home Relief ("HR") from the amount of additional fuel allowances these recipients should have received under state law. This deduction was made pursuant to the then prevailing Administrative Directive relevant to HEAP, 86 ADM–11A, in which the DSS required the local DSS agencies to compute a public assistance recipient's additional fuel allowance in the following manner:

When determining a recipient's eligibility for an additional allowance for fuel, the HEAP benefit will be used to offset the amount of additional allowance for fuel. *Id.* at p. 6.

Under new regulations promulgated by the DSS, the DSS public assistance energy programs have been comprehensively revised. Most significantly, the regulations combine the DSS's regular fuel allowance and the additional fuel allowance into a single flat grant. Since the new allowance is paid without regard to the size of the recipient's fuel bill, the amount of HEAP used to defray the bill no longer reduces any portion of the fuel allowance. These regulations were issued as emergency regulations on October 22, 1987 and were maintained on an emergency basis until they became final and effective on March 10, 1988. Both parties agree that the new regulations render plaintiff's claims moot on a prospective basis. Plaintiffs still claim, however, that the prior directive violated 42 U.S.C. § 8624(e) and N.Y.Soc.Serv. L. § 97(3) by treating HEAP benefits as "income" or "resources".

In this case, the Court has certified both a plaintiff and a defendant class. *See* Memorandum Opinion and Order dated April 25, 1986, 110 FRD 299. The plaintiff class consists of all New York State recipients of AFDC and HR who, from December 15, 1980 to October 22, 1987, have been denied the additional fuel allowance grant due to their receipt of HEAP benefits.[1] The defendant class consists of the fifty-eight County Commissioners of Social Services Districts in New York State. The defendant class representative is William Grinker, Commissioner of the New York City Department of Social Services. The Suffolk County Social Services District has opted out of the class and is representing itself. The Wyoming County Social Services District ("Wyoming SSD") has not opted out of the class, but has filed a separate brief. The New York State DSS is not part of the class.

---

1. Under the April 1986 order this Court certified New York State recipients of AFDC and HR who "may be denied" ... the additional fuel allowance grant due to their receipt of HEAP benefits. Because of the change in the regulations these individuals will not exist, and, therefore, may not participate in the class.

Plaintiffs move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiffs seek a declaration that defendants's policy and practice of deducting HEAP payments from additional allowances for fuel for heating paid to welfare recipients violated 42 U.S.C. § 8624. For the reasons that follow, plaintiffs's motion is granted concerning the illegality of the DSS policy directive and denied in part and granted in part concerning the defendant class's practice in implementing HEAP.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). The Court's role is to determine whether there are issues of fact to be tried. *Heyman v. Commerce and Industry Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In testing whether the movant has met this burden, the Court must resolve all ambiguities against the movant. *Heyman*, 524 F.2d at 1320. The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The non-moving party has the burden of coming forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-movant must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Speculation, conclusory allegations, and mere denials are not enough to raise genuine issues of fact.

### FACTS

Lorraine DeAllaume and Guy Zeches are recipients of AFDC and HR, respectively.

Plaintiffs also receive HEAP and state fuel heating allowances. During the 1982–83 heating season, plaintiff DeAllaume's fuel costs exceeded the sum of her regular fuel for heating allowance and she applied for an additional fuel allowance. The New York City Social Services District ("City SSD") denied DeAllaume's request on the ground that her household had received a Federal HEAP benefit. After a hearing, the State DSS affirmed the determination of the City SSD finding that the treatment of HEAP benefits as a "resource" to be offset in calculating DeAllaume's additional fuel allowance was consistent with the policy contained in the then controlling Administrative Directive 81 ADM–66.

During the 1983–84 heating season DeAllaume's fuel costs again exceeded the sum of her monthly fuel for heating allowance. The City SSD again denied her requests for an additional fuel allowance. After a hearing, the DDS directed the City SSD, in accordance with the new Administrative Directive 83 ADM–31, to provide DeAllaume with an additional fuel allowance, but offsetting it by her allowance for that year.

In compliance with the DSS's decision, the City SSD offset DeAllaume's HEAP benefit in determining the amount of her additional fuel allowance. Later, during the pendency of this action, the City SSD ordered that DeAllaume be paid the full amount of her additional fuel allowance and agreed to send her a check for the amount her allowance had been offset as a result of her HEAP benefits. At this point there remains some question whether the plaintiff has actually received a check for the additional money.

Plaintiff Zeches, during the 1983–84 heating season, requested an additional fuel allowance to help pay for a delivery of fuel oil. The Wyoming County Social Services District ("Wyoming SSD") offset his additional fuel allowance by the amount Zeches received from his next HR check. After a hearing, the DSS affirmed the determination under Administrative Directive 83 ADM–31.

## DISCUSSION

The Court will divide its consideration of plaintiffs' summary judgment motion into four parts. First, the Court will consider DSS's policy regarding HEAP offsets as defined in Administrative Directive 86 ADM–31 was compatible with the federal requirements for states receiving HEAP funding. Second, the Court will consider the liability of the defendant class. Third, the Court will consider the liability of the Suffolk SSD. Finally, the Court will determine the liability of the Wyoming SSD.

### A. THE LEGALITY OF THE DSS POLICY

Congress established the HEAP program in response to the dramatic increase in the cost of energy in the 1970's. HEAP was meant to supplement, not replace, any public assistance already delivered by state laws. Title 42 U.S.C. § 8624(f) provides:

Notwithstanding any other provision of law the amount of any home assistance payments or allowances provided to an eligible household under this subchapter shall not be considered income or resources of such household (or any other member thereof) for any purpose under any Federal or State law, including any law relating to taxation, food stamps, public assistance, or welfare programs.

By its plain terms, Section 8624(f) precludes consideration of HEAP payments in the determination of the amount of public assistance to which a household is entitled.

This interpretation of the statute is bolstered by the accompanying legislative history. A report of the Senate Finance Committee states:

... any assistance provided under this section to lower income households would not be counted for purposes of determining eligibility or benefit amounts under any federal or state program based upon need.

S.Rep. No. 96–394, 96th Cong., 2d Sess. at p. 115, *reprinted in* 1980 U.S.Code Cong. & Ad.News at pp. 410, 524.

The report of the Senate and House Conference furthers this sentiment.

... fuel assistance payment or allowanced provided under this title will not be considered income or resources ... for any purpose under a Federal or State law ... Under any law ... which provides that benefits may depend on the expenditures of the household for fuel, ... HEAP will not be considered a resource available to this household.... Thus, under such law, benefits will be computed as if the total cost of the fuel, including the amount of assistance provided had been paid by the household.

H.Conf.Rep. No. 96–817, 96th Cong., 2d Sess. at p. 154, *reprinted in* 1980 U.S.Code Cong. & Ad.News at p. 705–706.

Courts, in interpreting the statute and legislative history of HEAP have concluded that Congress did not intend to permit states to reduce benefits by the amount of the HEAP funds. HEAP was to supplement public benefits and not replace them. *Idaho Dept. of Health and Welfare v. Block,* 784 F.2d 895 (9th Cir.1986); *Crawford v. Janklow,* 763 F.2d 1013 (8th Cir. 1985). Thus, HEAP benefits should not have figured in New York's calculation of additional fuel for heating benefits to welfare recipients. Administrative Directive 86 ADM–11A, which directs that HEAP payments be deductible from the additional fuel allowance while also receiving HEAP money, thus violates 42 U.S.C. § 8624(b).

Defendant Perales argues that allowing recipients the full amount of the additional fuel allowance while also receiving HEAP money would be a duplication of state and federal efforts. He claims further that the additional state money was intended to be an emergency fund applied on an as needed basis. This Court disagrees. First, there is no duplication because none of the said plaintiffs received more money, from collective funds, than the cost of their energy each year. Second, since 1980 the State has routinely approved the additional fuel for heating money to recipients of public assistance.

Defendants's policy was illegal and summary judgment is granted for the period in which it was in effect.

## B. LIABILITY OF THE DEFENDANT CLASS

█ In its defense, the City DSS submits the affidavits of Fail Gordon and Martin Burdick, current and former deputy administrators for income maintenance programs. Both affidavits state that the City did not have a policy of not counting the HEAP benefit when calculating eligibility for additional fuel allowance. The only exception was when the State DSS Commissioner orders them to do so after a hearing. The only time this occurred, however, is when a caseworker made a mistake and included HEAP, the applicant appealed and the state upheld the decision. Burdick and Gordon contend that DeAllaume's caseworker made just such a mistake.

These sworn statements create an issue of fact regarding the policy and priorities of the City rendering summary judgment inappropriate. The Court is also concerned about the adequacy of the City class representative. If, in fact, it did not have a policy of deducting HEAP benefits, it cannot represent the interests of those county DSS's which do. Furthermore, the evidence before the Court indicates tht there is an issue as to whether there is a uniform practice among the class members. Westchester and Suffolk Counties assert that they never deducted HEAP while Wyoming County admitted that it did.

In conclusion, summary judgment is denied as to the defendant class. Discovery is to proceed regarding the policies of the City DSS during the relevant period. At the end of discovery, the Court will entertain a motion, if appropriate, based on the discovery, either to delete the City DSS as class representative or to decertify the class.

## C. LIABILITY OF SUFFOLK COUNTY

The Suffolk County Department of Social Services has also opted out of the defendant class. It submits the affidavits of Robert Weisinger, caseworker supervisor of the Emergency Fuel Unit, and Eugene Durney, the Director of Policy and Procedures. Both state that Suffolk County did not deduct HEAP. This raises an issue of fact, and summary judgment as to Suffolk County is denied.

## D. LIABILITY OF WYOMING COUNTY

Although Wyoming County has not opted out of the class, it filed a brief on its own behalf, admitting that it followed the state policy of deducting HEAP benefits. Summary judgment is thus granted as to Wyoming County.

SO ORDERED.